IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARRY-LYNN; OF THE FAMILY OF
SCHWINDT,

Plaintiff,

vs. Cause No. 07-1030

VILLAGE OF BOSQUE FARMS, A
Municipal Corporation,

Defendant.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR TORT VIOLATIONS AND DAMAGES

COMES NOW The Defendant, by and through its counsel of record, the Law Offices of James P. Lyle, P.C. (James P. Lyle) and submits the following as it Answer to the Plaintiff's Complaint herein.

1. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2. This Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. This Defendant denies the allegations contained in Paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, and 92.

AFFIRMATIVE DEFENSES

1. On information and belief only, this Defendant states that the Plaintiff failed to

mitigate the damages requested in the Complaint, constituting a bar to recovery of damages caused by such failure.

2. As a separate and alternative affirmative defense, this Defendant states that the acts and damages alleged in the Plaintiff's Complaint, which are specifically denied, were the proximate result of acts or omissions to act of third parties not under the control of this Defendants, thereby barring recovery herein.

3. As a separate and alternative affirmative defense, this Defendant states that it did not breach any duty which was owed to the Plaintiff, barring recovery herein.

4. As a separate and alternative affirmative defense, this Defendant states that the damages to the Plaintiff, if any, were the proximate result of independent, intervening causes or forces, or a subsequent intervening force, thereby barring recovery herein.

5. As a separate and alternative affirmative defense, this Defendant states that Plaintiff's claims are barred, in whole or in part, by the provisions of the New Mexico Tort Claims Act, §§41-4-1 to -29 N.M.S.A. 1978.

6. As a separate and alternative affirmative defense, this Defendant states that it, at all times material herein, acted in good faith and in a reasonable manner, given the information and circumstance existing at the time, thereby barring recovery herein.

7. As a separate and alternative affirmative defense, this Defendant states that Plaintiff's claims are barred by the doctrine of qualified immunity.

8. As a separate and alternative affirmative defense, the Complaint in whole or in part, fails to state a claim against this Defendant.

9. As a separate and alternative affirmative defense, this Defendant states that Plaintiff's claims are barred, in whole or in part, by the Doctrine of Good Faith.

10. As a separate and alternative affirmative defense, this Defendant states that Plaintiff's claims are barred, in whole or in part, by the defense of prosecutorial immunity.

WHEREFORE, the above named Defendant, having fully answered the Plaintiff's Complaint, prays that the Court dismiss the action against it with prejudice, award costs incurred in defending this action and for such other relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF JAMES P. LYLE, P.C.

/s/ JAMES P. LYLE
James P. Lyle
Attorney for Defendant Village of Bosque Farms
1116 Second Street, N.W.
Albuquerque, NM 87102
(505) 843-8000 - Telephone
(505) 843-8043 - Facsimile

I hereby certify that I have mailed a true copy of the foregoing pleading to opposing counsel of record this 26th day of October, 2007.

/s/ JAMES P. LYLE
James P. Lyle